UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq. JC/0693
Ciccarelli Law, PC
239 New Road, Building A, Suite 301
Parsippany, New Jersey 07054
Phone: (973) 737-9060
Fax: (973) 619-0023
Email: jenee@jc-lawpc.com
Attorney for Debtor/Plaintiff

| | |
|---|---|
| In Re: | Case No.: 23-19542 |
| | **Chapter 11** |
| Simon Szekit Law | |
|     Debtor. | |
| | Honorable Stacey L. Meisel |

## DEBTORS' OPPOSITION TO VISTA FOOD EXCHANGE'S MOTION TO ENLARGE TIME TO OBJECT TO DISCHARGE OF DEBT

The above-named Debtor, by and through his attorney of record, Jenee K. Ciccarelli, Esq., of Ciccarelli Law, P.C. hereby opposes Creditor-Vista Food Exchange, Inc ("Vista") Motion to Enlarge the Time to Object to the Discharge of its debt  (the "Motion"), and in support thereof shows unto the court the following:

## PROCEDURAL HISTORY AND PRELIMINARY STATEMENT

1. A Voluntary Chapter 11 Petition was filed on behalf of the Debtor, Simon Szekit Law, an individual, on October 27, 2023.

2.  On October 30, 2023, the Clerk of Court made the following entry on the docket, "Deadline to file a complaint objecting to discharge is the first date set for hearing on confirmation of the plan. Deadline to file a complaint to determine whether certain debts are dischargeable is 2/5/2024."

3.  The 341 Meeting of Creditors was conducted on December 6, 2023 and closed. Counsel for Vista appeared and asked the Debtor questions. See Certification of Jonathan Scott, Exhibit at Docket 45-6

4.  On January 23, 2024, Counsel for the Parties conferred via telephone conference to discuss Vista's intentions to possibly pursue a claim to avoid discharge of its debt pursuant to 11 U.S.C. 523. There was a detailed discussion in which Debtor's Counsel requested information with respect to the specific claim or claims on which Vista would be relying to dispute the discharge of its debt.  Identical to the Affirmation presented by Mr. Scott in support of Vista's motion, the reason for the extension was vague, allegations were made regarding the litigation conducted in the Southern District of New York, and issues raised that are best suited for confirmation of the plan.  The conference resulted in an agreement in which the Debtor's Counsel agreed to a two- week extension for Vista to file its Dischargability Complaint. Based on the agreement, an Order was filed at Docket 35 extending the time to file.

5.  Counsel for Vista sought a further extension from Debtor's Counsel and consent was not provided. The within motion was then filed by Vista pursuant to Fed. R. Bankr. P. 4007(c).

6.  In his Certification, Mr. Scott makes multiple factual representations to the Court and asserts that his Affirmation is based on personal knowledge. As Counsel, Mr. Scott cannot be a witness and cannot make factual representations to the Court. To the extent that the

representations are not procedural in nature, Debtor requests those facts be disregarded by the Court pursuant to the Federal Rules of Evidence 401 made applicable by Fed. R. Bankr. P 9017. Specifically paragraphs 5, 6, 7.

7. The memorandum of law submitted in support of Vista's motion suggests that because the motion was timely filed that Vista is entitled to an extension of time. Vista argues 3 grounds for good cause:

   a. Vista will need to schedule five examinations (the Debtor, three entities, and the Debtor's accounting firm); secure from the IRS review certain tax records and wait to receive them; then review all these documents and testimony and evaluate how they impact the Debtor's proposed bankruptcy plan and Vista's interests as his largest unsecured creditor the plan.

   b. The Debtor's presented testimony and finances have a number of serious inconsistencies and red flags that cannot be reconciled in the few remaining days before deadlines begin to expire.

   c. As a creditor, Vista does not have sufficient information to respond to the Debtor's as yet filed bankruptcy plan, and, because of the Debtor's conduct thus far, cannot rely on the truthfulness and completeness of his statements and documents.

8. As indicated in Mr. Scott's Certification, the Creditor has had an opportunity to review the Debtor's schedules (paragraph 13), Vista has had the opportunity to review documents from the Debtor's company submitted through the contempt proceedings in the Southern District, including 3 years' worth of tax returns, bank statements and a responsive affidavit from the Debtor regarding meat processing (Exhibit 2, Exhibit 5 and paragraph 14). Moreover, prior to filing bankruptcy, the parties engaged in 6 years of litigation and Vista

admits to having knowledge regarding Debtor's assets (See paragraphs 4 and 6). Creditor

has had ample time and opportunity to obtain information to determine whether or not it

will file a Complaint. Vista is clearly intimately familiar with the Debtor and does not need

to conduct any further discovery to determine whether to file complaint. As admitted by

Vista in its Memorandum of Law, the concerns raised are general in nature and ultimately

relate to the plan.

9.  There is no statement within either Mr. Scott's Certification or the Memorandum of Law

that Vista holds a non-dischargeable debt or needs time to determine if it does. Vista merely

alludes to the fact that the Complaint in the Southern District raised willful fraud and

contempt of Court issues.

10. The practical effect of extending time to file the Complaint an additional 60 days until

Vista has conducted examinations of multiple entities is that the delay will impact the

feasibility of the plan and there is no benefit to the bankruptcy estate to give Vista addition

time to file a Complaint when in reality Vista is merely requesting information to further

evaluate the Debtor's plan.

**LEGAL ARGUMENT**

**I.     THERE IS NO GOOD CAUSE TO GRANT VISTA'S MOTION TO ENLARGE THE TIME TO OBJECT TO DISCHARGE AS VISTA DOES NOT NEED TO CONDUCT FURTHER DISCOVERY TO DETERMINE IF IT HAS A CLAIM**

Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) [11 USCS § 523(c)] shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) [11 USCS § 341(a)]. The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired. Fed. R. Bankr. P. 4007.

Vista timely filed its Motion to Enlarge the time to file a Complaint. Vista sets forth that the applicable is "good cause" and suggests in its Memorandum of Law that timeliness of its motion is per se good cause to grant its request to extend the time to file. Cause is not defined in the bankruptcy code. See In re Estrin, 529 B.R. 865, 870 (Bankr. D.S.C. 2015). While some Bankruptcy Courts take a more equitable approach with respect to timeliness, where the cause rests in discovery demands, the Courts have taken a more restrictive view. Bankruptcy Courts have denied the request to extend where the creditor's had sufficient information and time to obtain the information necessary to determine whether or not it had a claim. See Further In re Denike, 322 B.R. 452, 2005 Bankr. LEXIS 198 (Bankr. M.D. Fla. 2005)(denied creditor failed to exercise appropriate level of diligence with respect to her investigation of debtor; creditor was intimately familiar with facts of case and did not need to conduct any further discovery to determine whether to file complaint); In re Ballas, 342 B.R. 853, 2005 Bankr. LEXIS 1961 (Bankr. M.D. Fla. 2005), aff'd, 212 Fed. Appx. 867, 2006 U.S. App. LEXIS 31784 (11th Cir. 2006)(extension of time denied

where parties were engaging in discovery in related matter so creditor failed to send formal requests); Wheaton v. David Cory Kitchens (In re David Cory Kitchens), 2021 Bankr. LEXIS 2683 (Bankr. M.D. Ga. Mar. 11, 2021)(denied where creditor waited to last day to file extension and send discovery requests); In re Dynkin, 2022 Bankr. LEXIS 3599 (Bankr. E.D.N.Y. Dec. 21, 2022)( denied where creditor had ample time and opportunity to obtain information from the deponents, the debtor did not interfere in the creditors' efforts to obtain production of documents or with the examinations).

In this case, Vista is not requesting more time to determine its claim, but rather evaluate the        Debtor's        plan        and        conduct        2004        examinations. In re Garner, 339 B.R. 610, 611 (Bankr. W.D. Tex. 2006), the creditor sought an extension time based on identical circumstances. The creditor advised that it needed to conduct 2004 examination of other entities relating to and associated with the debtor. The Court found that request was insufficient to establish cause for purposes of meeting the standard required in Rule 4007(c). The Court further noted that case law citing Rule 4007(c) indicates that the "cause" for an extension must be compelling and a creditor must show why it was not able to comply with the deadline as originally set. *9 Collier on Bankruptcy 15th Ed. Rev.* P4007.04[3][b] page 4007-17. In re Garner, 339 B.R. 610, 611 (Bankr. W.D. Tex. 2006). Lastly, the *Garner Court* found lack of information where there had been a 341 hearing held no excuse for delay.

In this case, not only did the creditor attend the 341 and ask the Debtor questions, the creditor admits to having reviewed the schedules and admits to receiving and reviewing documents from the Debtor's business in post-petition contempt proceedings in another court.  Creditor's complaint is that it needs 2004 examinations of these other entities to determine if the information is reliable and to evaluate the Debtor's plan.  The creditor's request does not meet the cause

standard and therefore should be denied. The creditor should be required to file its Complaint immediately.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court deny Creditor-Defendant's Motion to Enlarge the Time to file a Complaint objecting to dischargability of its debt.

**CICCARELLI LAW, P.C.**

/s/ Jenee K. Ciccarelli

Dated: 3/19/2024                                      Jenee K. Ciccarelli, Esq.