UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Jenee K. Ciccarelli, Esq. JC/0693
Ciccarelli Law, PC
239 New Road, Building A, Suite 301
Parsippany, New Jersey 07054
Phone: (973) 737-9060
Fax: (973) 619-0023
Email: jenee@jc-lawpc.com
Attorney for Debtor/Plaintiff

In Re:

Simon Szekit Law

    Debtor.

Case No.: 23-19542

**Chapter 11**

Honorable Stacey L. Meisel

# DEBTORS' LIMITED OBJECTION TO VISTA FOOD EXCHANGE'S MOTION FOR 2004 EXAMINATIONS

The above-named Debtor, by and through his attorney of record, Jenee K. Ciccarelli, Esq., of Ciccarelli Law, P.C. hereby files a limited objection and opposes Creditor-Vista Food Exchange, Inc ("Vista") Motion for 2004 Examinations:

## PROCEDURAL HISTORY AND PRELIMINARY STATEMENT

1. A Voluntary Chapter 11 Petition was filed on behalf of the Debtor, Simon Szekit Law, an individual, on October 27, 2023.

2. The 341 Meeting of Creditors was conducted on December 6, 2023 and closed. Counsel for Vista appeared and asked the Debtor questions.

3. The creditor aggressively pursued contempt proceedings against Lawson Foods and Simon Law in his capacity as the managing member of Lawson Foods in the Southern District of New York.

4. No further demands were made to the Debtor for almost two months. On or about February 1, 2024, Vista requested consent for 2004 examinations of multiple entities and alluded to a correction of incomplete tax returns that were not produced by my office. There was no date for examinations since the

5. Given the conflated demands, requests to supplement a document production not made by my office and a request for Debtor to make Jonathan Scott the Debtor's authorized representative to the IRS, Debtor, upon the advice of counsel did not give consent. Rather Debtor awaited a formal subpoena pursuant to D.N.J. LBR 2004-1(b).

6. However, no formal subpoena came and instead Vista filed the instant motion. Upon receipt of the motion, Debtor's Counsel made a written request asking Vista to withdraw the motion and issue a subpoena pursuant to D.N.J. LBR 2004-1(b) and (e). Creditor refused.

7. Given the history between the parties and Vista's constant and continuous allegations that the Debtor is uncooperative, unresponsive, evasive, etc., it is important that Vista's requests are clear and the parties are given an opportunity to object as permitted under the rules. D.N.J. LBR 2004-1(b) and (e) are straightforward and clear. I directed Mr. Scott to the local rule. Each individual or entity should be issued its own subpoena so the Court and Counsel can appropriately respond based on each individual or entity's rights and the scope

of the demand being sought. Despite the broad reach of rule 2004, a party still has a right to request a protective order and/or move to quash a subpoena. This process cannot be carried out if Vista fails to follow the procedural requirements of D.N.J. LBR 2004-1(b) and (e).

8. Accordingly, Vista has failed to comply with the requirements of D.N.J. LBR 2004-1(b) and (e)**.** Vista's motion to compel is not ripe and must be denied without prejudice.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court deny Creditor-Defendant's Motion to 2004 Examination of Debtor without prejudice.

**CICCARELLI LAW, P.C.**

/s/ Jenee K. Ciccarelli
Dated: 3/19/2024                                                                 Jenee K. Ciccarelli, Esq.